**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

JAN 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KINGSLEY CAPITAL MANAGEMENT, LLC, an Arizona limited liability company; BRUCE PAINE KINGSLEY MD IRA ROLLOVER,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>BRIAN NELSON SLY; BRIAN SLY AND COMPANY, INC., a California corporation, successor in interest to Brian Sly and Company; BRIAN SLY AND COMPANY, a California sole proprietorship; CHARLES J. ANTONUCCI, Sr.; THOMAS J. BEAN; THOMAS CUNNINGHAM; HEATHER D. CUNNINGHAM; ACCREDITED INVESTOR RESOURCES, LLC; WILBUR ANTHONY HUFF; SHERRI HUFF,<br><br>Defendants - Appellees. | No. 14-15325<br><br>D.C. No. 2:10-cv-02243-NVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 17, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Appellants Kingsley Capital Management, LLC and Bruce Paine Kingsley MD IRA Rollover (collectively, Kingsley) challenge the district court's denial of their motion for new trial and/or motion to alter or amend judgment premised on the jury's verdict that Appellee Brian Sly was liable for securities fraud under Arizona law, but awarding no damages. Kingsley contends that the district court erred in holding that they could not seek a new trial because they failed to challenge the verdict prior to discharge of the jury.

Although Kingsley was afforded "the opportunity to object before the jury was dismissed," Kingsley "chose not to raise any objections to the jury's verdict." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995). "This constituted a waiver of the objection on appeal." *Id.*; *see also Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 806 (9th Cir. 1984) (explaining that "a party that failed to object to a no damages verdict at the time it was read waived any future objections to the form of the verdict").

**AFFIRMED.**

2